UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| PRESTON G. DEMOUCHET, JR., Petitioner | CIVIL ACTION NO. 1:17-CV-600-P |
| VERSUS | CHIEF JUDGE DRELL |
| STATE OF LOUISIANA, Respondent | MAGISTRATE JUDGE PEREZ-MONTES |

## REPORT AND RECOMMENDATION

Before the Court is a pro se petition for writ of habeas corpus (28 U.S.C. § 2241) filed by Petitioner Preston G. Demouchet, Jr. (#90331) ("Demouchet"). Demouchet is an inmate in the custody of the Louisiana Department of Corrections, incarcerated at the Louisiana State Penitentiary in Angola, Louisiana. Demouchet challenges his criminal conviction in the 16th Judicial District Court, St. Mary Parish.

This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. § 636 and the standing orders of the Court.

I.  Background

Demouchet has filed numerous habeas petitions in this Court. According to an order in one of Demouchet's prior cases:

> In 1976, Preston G. Demouchet, Jr., Louisiana Prisoner # 89,969, was convicted of armed robbery in the Sixteenth Judicial District Court, St. Mary Parish, and sentenced to serve ninety-nine years at hard labor without benefit of parole. His conviction and sentenced were affirmed on direct appeal to the Louisiana Supreme Court. State of Louisiana v. Preston Demouchet, 353 So.2d 1025 (La.1977). In the following years, petitioner filed numerous applications for post-conviction relief in the

> Louisiana courts, most of which were ultimately denied by the Louisiana Supreme Court as untimely or repetitive.
>
> Petitioner filed several federal habeas corpus petitions in this court attacking that same armed robbery conviction. See <u>Demouchet v. Warden, Louisiana State Penitentiary</u>, 6:97–cv0003; <u>Demouchet v. Warden, Louisiana State Penitentiary</u>, 6:99–cv–1240; <u>Demouchet v. Warden, Louisiana State Penitentiary</u>, 6:00–cv–1782. These petitions were dismissed on the merits because the claims were either procedurally defaulted, untimely, or repetitive.
>
> Petitioner filed yet another petition for habeas corpus on July 31, 2000. <u>Demouchet v. Warden, Louisiana State Penitentiary</u>, 6:01–cv–0931. On July 12, 2001 that petition was dismissed with prejudice as successive; petitioner was sanctioned and ordered to obtain prior judicial approval for all future pro se filings. See <u>Demouchet v. Warden</u>, 6:01–cv–0931, at docs. 4 and 6.
>
> Notwithstanding the sanction order, on October 16, 2006 petitioner submitted yet another pro se habeas corpus petition attacking the validity of his 1976 armed robbery conviction in the Sixteenth Judicial District. Petitioner did not seek judicial approval before filing his petition.

<u>Demouchet v. Cain</u>, No. 6:06-mc-0059, 2006 WL 3065024, at *1 (W.D. La. Oct. 24, 2006). Because Demouchet's § 2241 petition was second or successive, and he had not obtained permission from the Fifth Circuit to file the petition, it was dismissed. Demouchet was also sanctioned $100.00. <u>Id.</u>

Demouchet filed petitions for writs of mandamus in the Fifth Circuit, which were dismissed. <u>In re: Preston Demouchet, Jr.</u>, 14-30998 (5th Cir. 2014); <u>In re: Preston George Demouchet, Jr.</u>, 14-30449 (5th Cir. 2014). In one case, Demouchet asked the appellate court to order this Court to produce a federal grand jury indictment allegedly filed against Demouchet in 1976. However, as the Fifth Circuit noted, Demouchet was never tried in federal court; he was convicted of armed robbery in state court in 1976. <u>In re: Preston George Demouchet, Jr.</u>, 14-30449 (5th Cir.).

2

In this latest § 2241 petition, Demouchet claims that the court of conviction was without jurisdiction to convict and sentence him. (Doc. 6, p. 13-15).

II. <u>Law and Analysis</u>

Challenges to a petitioner's state conviction are governed by § 2254, which "confers jurisdiction upon the federal courts to hear collateral attacks on state court judgments." <u>Wadsworth v. Johnson</u>, 235 F.3d 959, 961 (5th Cir. 2000). Section 2254 specifically applies to post-trial situations in which a judgment has already been entered against the petitioner. See <u>Stringer v. Williams</u>, 161 F.3d 259 (5th Cir. 1998).

Demouchet previously filed a § 2254 petition challenging his state conviction. He may not use § 2241 to avoid the prohibition against filing successive petitions under § 2254. As Demouchet has been informed by this Court, before a second or successive § 2254 application is filed in a district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application. <u>Demouchet v. Cain</u>, No. 6:06-MC-0059, 2006 WL 3065024, at *1 (W.D. La. Oct. 24, 2006) (citing 28 U.S.C. § 2244(b)(3)(A)).

A habeas corpus petition is not second or successive simply because it follows an earlier federal petition. <u>In re: Cain</u>, 137 F.3d 234, 235 (5th Cir. 1998). However, the later petition is successive when it: "(1) raises a claim challenging the petitioner's conviction or sentence that was or could have been raised in an earlier petition; or (2) otherwise constitutes an abuse of the writ." <u>Id.</u> The Fifth Circuit has also found that "an application filed after a previous application was fully adjudicated on the merits is a second or successive application within the meaning of 28 U.S.C. § 2244(b), even

3

if it contains claims never before raised." Graham v. Johnson, 168 F.3d 762, 774 n. 7 (5th Cir. 1999) (citing Felker v. Turpin, 518 U.S. 651, 655-58, 662-63 (1996)).

The petition before this Court raises a claim that could have been raised in Demouchet's first habeas corpus petition. Moreover, Demouchet's first habeas petition was dismissed as procedurally defaulted, which is considered an adjudication on the merits. See Bates v. Whitley, 19 F.3d 1066, 1067 (5th Cir. 1994) ("A federal habeas court's rejection of a petitioner's constitutional claim because of state procedural default and a failure to show cause and prejudice must be regarded as a determination on the merits in examining whether a subsequent petition is successive."); Henderson v. Lampert, 396 F.3d 1049 (9th Cir. 2005) (dismissal of a federal habeas petition on the ground of state procedural default is a determination "on the merits" for the purposes of the successive petition doctrine); Harvey v. Horan, 278 F.3d 370, 380 (4th Cir. 2002) (the district court's dismissal of petitioner's original habeas petition for procedural default was a dismissal on the merits); In re: Cook, 215 F.3d 606, 608 (6th Cir. 2000) (initial § 2254 application dismissed for unexcused procedural default was "on the merits," and subsequent application was a "second or successive habeas corpus application" under § 2254(b)).

III. Conclusion

Demouchet's challenge to his conviction must be raised in a § 2254 petition, over which this Court lacks jurisdiction. Therefore, **IT IS RECOMMENDED** that the petition be **DISMISSED** without prejudice to filing when/if the appellate court grants authorization.

Additionally, because the grounds raised in Demouchet's Rule 60(b) motion (Doc. 3) are the same as those raised in his § 2241 petition, **IT IS RECOMMENDED** that the motion be **DENIED** as **MOOT**.

Under the provisions of 28 U.S.C. § 636(b)(1)(c) and Fed.R.Civ.P. 72(b), parties aggrieved by this Report and Recommendation have fourteen (14) calendar days from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. No other briefs (such as supplemental objections, reply briefs, etc.) may be filed. Providing a courtesy copy of the objection to the undersigned is neither required nor encouraged. Timely objections will be considered by the District Judge before a final ruling.

Failure to file written objections to the proposed findings, conclusions, and recommendations contained in this Report and Recommendation within fourteen (14) days from the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Judge, except upon grounds of plain error.

THUS DONE AND SIGNED in chambers in Alexandria, Louisiana, this \_\_10th\_\_ day of August, 2017.

Joseph H.L. Perez-Montes
United States Magistrate Judge

5